A I M A N - S M I T H & M A R C Y
PROFESSIONAL CORPORATION

Randall B. Aiman-Smith #124599
Reed W.L. Marcy #191531
Hallie Von Rock #233152
Brent A. Robinson #289373
7677 Oakport St. Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
bar@asmlawyers.com

Attorneys for Plaintiffs
Serena Naro and Trish Gonzalez

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA NARO, individually and on behalf of all others similarly situated; TRISH GONZALEZ , individually and on behalf of all others similarly situated; AND THE CALIFORNIA LABOR AND WORKFORCE DEVELOPMENT AGENCY *ex rel.* SERENA NARO AND TRISH GONAZALEZ, a California governmental entity, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO., an Illinois corporation; and WALGREEN PHARMACY SERVICES MIDWEST, LLC, an Illinois corporation; and DOES 1-15, <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **Causes of Action:** <br> 1. **Failure to Reimburse Necessary Business Expenses (Cal. Lab. Code § 2802);** <br> 2. **Failure to Pay Minimum, Contractual, and Overtime Wages (Cal. Lab. Code §§ 1194, 1194.2, 1997, 218.5, and 510; IWC Wage Order No. 7);** <br> 3. **Failure to Provide Accurate Wage Statements (Cal. Lab. Code § 226);** <br> 4. **Failure to Pay All Wages Due at Separation (Cal. Lab. Code § 203);** <br> 5. **Unfair Competition (Cal. Bus. & Profs. Code § 17200 *et seq.*); and** <br> 6. **State Law Enforcement of the California Labor Code (Cal. Lab. Code § 2698 *et seq.*).** |

Plaintiffs Serena Naro and Trish Gonzalez, in their individual capacities, in their capacities as putative class representatives, and as lawfully delegated representatives of the California Labor & Workforce Development Agency (collectively "Plaintiffs"), are informed and believe and thereupon allege the following:

## I.    INTRODUCTION

1.    Plaintiffs bring these claims against Defendants Walgreen Co. and Walgreen Pharmacy Services Midwest, LLC, and Does 1-15, inclusive (collectively "Defendants"), for violations of the California Labor Code including the Private Attorneys General Act (Cal. Lab. Code §§ 2698 *et seq.*; "PAGA"); for violations of IWC Wage Order No. 7 (8 C.C.R. § 11070; "Wage Order"); and for violations of the Unfair Competition Law (Cal. Bus. & Profs. Code §§ 17200, *et seq.*; "UCL"). The claims for unpaid wages, restitution, and statutory penalties are brought as a putative class action, while the claims for civil penalties under PAGA, and for public injunctive relief under the UCL, are brought in Plaintiffs' representative capacities on behalf of the State of California.

2.    The Plaintiff Class generally consists of all non-exempt employees of Defendants working in Defendants' retail stores and/or pharmacies within California at any time during the period beginning four years prior to the date this action is filed, and continuing through to entry of judgment in this action. That period is referred to herein as the "Claim Period."

3.    As used herein, "Plaintiffs" includes Plaintiffs Serena Naro and Trish Gonzales and all members of the Plaintiff Class.

4.    Plaintiffs have been injured by Defendants' failure to reimburse for necessary business expenses, namely expenses incurred in purchasing replacement uniforms required to be worn each shift; failure to pay minimum, contractual, and overtime wages owed, specifically wages necessary to compensate for wages Plaintiffs were forced to spend on unreimbursed business expenses; failure to provide accurate wage statements that detailed all wages actually earned, including wages necessary to restore Plaintiffs to the required minimum, contractual, and overtime wages for pay periods in which unreimbursed purchases brought Plaintiffs' wages below those required wage floors; and failure to pay all wages due at

separation from employment.

5.     For these injuries, Plaintiffs seek civil penalties, statutory penalties, compensatory damages, and public injunctive relief, as well as interest, reasonable attorney's fees, and reasonable litigation costs (including expert-witness fees).

6.     Plaintiffs seek to recover their reasonable attorneys' fees and costs pursuant to Labor Code sections 226, 1194, 1197, 218.5, 203, 2699; California Code of Civil Procedure section 1021.5; and the common law doctrines of common fund, substantial benefit, private attorneys general, and the catalyst theory.

## II.   PARTIES

7.     Plaintiff Naro is a resident of California.

8.     Plaintiff Gonzalez is a resident of California.

9.     The California Labor and Workforce Development Agency is a California governmental entity. Plaintiffs Naro and Gonzalez have been delegated lawful authority to sue on behalf of the LWDA pursuant to PAGA, pursuant to a lawful grant of executive branch authority by the California Legislature. *See*, Cal. Const. Art. XIV, § 1 ("The Legislature may provide for minimum wages and for the general welfare of employees and for those purposes may confer on a commission legislative, executive, and judicial powers."); *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 389-391 (holding PAGA does not violate California constitutional separation of powers).

10.    Defendant Walgreen Co. is an Illinois corporation, registered in and conducting business in California.

11.    Defendant Walgreen Pharmacy Services Midwest, LLC is an Illinois corporation, registered to and conducting business in California.

12.    Plaintiffs are ignorant of the true names or capacities of defendants named herein as Does 1 through 15, inclusive, and therefore sues these defendants by these fictitious names. When the names and capacities of these defendants are ascertained, Plaintiffs will amend this complaint accordingly. Each of the defendants named herein or designated as a Doe is liable or in some manner legally responsible for the events alleged herein.

13.     At all relevant times, each of the defendants was the agent or employee of each of the remaining defendants and, in doing the things alleged herein, was acting within the course and scope of such agency or employment.

14.     Each of the defendants' actions or omissions as alleged herein was ratified by each of the remaining defendants.

15.     Each of the acts or omissions of a defendant's agents as alleged herein was ratified by that defendant, as well as by each of the remaining defendants.

**III.     JURISDICTION AND VENUE**

16.     This Court has jurisdiction pursuant to 28 U.S.C. § 1453.

17.     Venue in this District is proper because each named Defendant has sufficient minimum contacts with this District through its operation of retail stores and pharmacies within this District, such that each named Defendant is a "resident" of this judicial district for purposes of venue. *See*, 28 USC § 1391 at (b)(1) (c)(2). Venue is also proper in this District because a substantial portion of the acts or omissions giving rise to the liability alleged herein occurred in this District, and Defendants employed many Plaintiffs within this District. *See*, 28 USC § 1391(b)(2).

**IV.     COMMON ALLEGATIONS**

18.     Defendants do business in California as "Walgreen," "Walgreens," and as "Walgreens Boots Alliance."

19.     Defendants employed Plaintiff Naro as a Senior Pharmacy Technician in Redding, California from approximately May 2021 through approximately September 2021.

20.     Defendants have employed Plaintiff Gonzalez as a Store Clerk from approximately January 2008 through the present.

21.     Defendants require Plaintiffs to report to work wearing uniform clothing items that are of a "distinctive design or color" and are not generally usable in the occupation, because the required uniform items must be in a particular color and/or bear the Walgreens logo.

22.     While Defendants provide Plaintiffs with an initial set of basic clothing items at

the start of their employment, Defendants neither provide Plaintiffs with replacement items after the initial items are rendered unusable by normal wear and tear or otherwise, nor do Defendants reimburse Plaintiffs for required replacement purchases. Plaintiffs who wish to wear a jacket or other layers for warmth are also required to buy and wear Walgreens-branded clothing items.

23.     Defendants failed to provide Plaintiffs required uniform items, and failed to reimburse Plaintiffs for the reasonable cost of purchasing required uniform items. This includes not only the uniform items themselves, but also the additional shipping costs and fees incurred in connection with obtaining the required uniform items.

24.     By requiring or permitting Plaintiffs to purchase necessary business expenses, while also failing to timely reimburse them for those expenses, Defendants pushed their wages below the applicable legal minimum, overtime, and contractual rates of pay.

25.     Defendants have failed to provide Plaintiffs with accurate, itemized wage statements. The wage statements provided by Defendants fail to conform to California law because those wage statements falsely state the amount of wages actually paid by failing to deduct wages earned but wrongfully withheld due to failures to reimburse business expenses. As a direct and proximate result of Defendants' failure to provide Plaintiffs with accurate, itemized wage statements, they have suffered injury and damage to their statutorily-protected rights, and have been injured because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements.

26.     Defendants' failure to provide Plaintiffs with accurate, itemized wage statements is and was knowing and intentional.

27.     Defendants have also failed to pay all wages to those Plaintiffs who separated from Defendants' employment within the Claim Period. Within the Claim Period, Plaintiffs have resigned from their employment or been terminated by Defendants. Defendants willfully failed to pay said Plaintiffs all wages due upon termination or within 72 hours of resignation. Defendants failed to pay said Plaintiffs all wages due because they are not provided with underpaid wages arising from unreimbursed business expenses. Defendants' failure to pay all

wages due Plaintiffs at the separation or termination is willful.

## V.   CLASS ACTION ALLEGATIONS

28.   Plaintiffs Naro and Gonzalez bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23(b)(1), (b)(2), and (b)(3).

29.   The class that Plaintiffs seeks to represent is defined as follows:

> All non-exempt employees of Walgreens working in Walgreens'
> retail stores and/or pharmacies within California at any time during
> the period beginning four years prior to the date this action is filed,
> and continuing through to entry of judgment in this action.

30.   As set forth herein, the claims alleged may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because prosecuting separate actions by individual class members would yield inconsistent rulings that would establish incompatible standards of conduct for Defendants; Defendants have acted or refused to act on grounds that apply generally to the class; and there is a well-defined community of interest among ascertainable class members regarding the claims asserted in this action.

31.   The total number of members of the Plaintiff Class is believed to be over 15,000. Accordingly, joinder of all class members would be impractical.

32.   Questions of law and fact common to the Plaintiff Class predominate over questions of law and fact affecting only individual members of the class. Said common questions of law and fact include, but are not limited to, the following:

(a)   Whether Defendants' required clothing items constitute a uniform under California law;

(b)   Whether Defendants have a common policy or practice of requiring, suffering, and/or permitting employees incur business expenses necessary to the performance of the duties assigned to them, without timely reimbursing those employees for such expenses;

(c)   Whether Defendants' common policy or practice failing to timely

reimburse business expenses causes affected employees' wages to fall below the applicable legal minimum, overtime, and contractual rates of pay;

(d)   Whether Defendants' failure to include on wage statements and paychecks wages sufficient to cover the cost of unreimbursed business expenses, violates Labor Code section 226's requirement to provide accurate, itemized wage statements;

(e)   Whether Defendants' failure to provide accurate, itemized wage statements is knowing and intentional;

(f)   Whether by failing to pay wages sufficient to cover the cost of unreimbursed business expenses at the time and place of a separated employee's separation, Defendants have failed to pay all wages due at the time and place of separation in violation of Labor Code sections 201, 202, and 203;

(g)   Whether Defendants' failure to pay all wages due at separation was willful;

(h)   The proper formula for calculating damages, penalties, and restitution owed to Plaintiffs;

(i)   Whether Defendants will, unless enjoined, continue the practices alleged herein; and

(j)   The terms and conditions of the injunction to be issued against Defendants.

33.   The identities of the members of Plaintiff Class are ascertainable from available records maintained by Defendants.

34.   Plaintiff Naro's and Plaintiff Gonzales' claims are typical of the claims of Plaintiff Class because each was subjected to the unlawful practices alleged herein common to Plaintiff Class. Defendants' common course of conduct has caused Plaintiff Naro, Plaintiff Gonzalez, and the Plaintiff Class to sustain the same or substantially similar injuries and

1  damages caused by the same practices of Defendants, and Plaintiff Naro and Plaintiff

2  Gonzalez's claims are therefore representative of the claims of Plaintiff Class.

3        35.    Neither Plaintiff Naro nor Plaintiff Gonzalez has a conflict of interest with any

4  other members of Plaintiff Class. Each will vigorously prosecute this case on behalf of Plaintiff

5  Class.

6        36.    Counsel who represent Plaintiffs are competent and experienced in litigating

7  complex actions pertaining to employment practices, including many class actions involving

8  California employment law. Plaintiffs and their counsel will fairly and adequately represent

9  and protect the interests of the members of Plaintiff Class.

10  **VI.    CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Failure To Reimburse Necessary Business Expenses**
**(Cal. Lab. Code § 2802)**
**Brought by Plaintiffs Naro and Gonzalez on behalf of the Plaintiff Class**
**As to All Defendants**

14        37.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

15  forth herein.

16        38.    California Labor Code section 2802 requires employers to indemnify employees

17  for all necessary expenditures incurred by the employees in performing their job duties.

18        39.    Defendants require Plaintiffs to report to work wearing uniform clothing items

19  that are of a "distinctive design or color" and are not generally usable in the occupation,

20  because the required uniform items must be in a particular color and/or bear the Walgreens

21  logo.

22        40.    While Defendants provide Plaintiffs with an initial set of basic clothing items at

23  the start of their employment, Defendants neither provide Plaintiffs with replacement items

24  after the initial items are rendered unusable by normal wear and tear or otherwise, nor do

25  Defendants reimburse Plaintiffs for required replacement purchases. Plaintiffs who wish to

26  wear a jacket or other layers for warmth are also required to buy and wear Walgreens-branded

27  clothing items.

28        41.    Defendants failed to provide Plaintiffs required uniform items, and failed to

reimburse Plaintiffs for the reasonable cost of purchasing required uniform items. This includes not only the uniform items themselves, but also the additional shipping costs and fees incurred in connection with obtaining the required uniform items.

42.     By requiring or permitting Plaintiffs to purchase necessary business expenses, such expenditures by Plaintiffs were incurred in direct consequence of the discharge of their job duties.

43.     Defendants have yet to reimburse Plaintiffs for these necessary expenditures.

44.     As a direct and proximate result of Defendants' failure to reimburse Plaintiffs for these necessary expenditures, Plaintiffs have been injured in an amount to be proved at trial.

45.     Plaintiffs are therefore entitled to recover reimbursement for these necessary expenditures, and also, to recover costs, interest, and attorneys' fees as provided by California law, including Labor Code § 2802(c).

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum, Contractual, and Overtime Wages**
**(Cal. Lab. Code § 1194, 1194.2, 1197, 218.5, and 510; IWC Wage Order No. 7)**
**Brought by Plaintiffs Naro and Gonzalez on behalf of the Plaintiff Class**
**As to All Defendants**

46.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

47.     California law, including but not limited to California Labor Code sections 1194, 1194.2, 1197, 218.5, 510, and the Wage Order, requires Defendants to pay employees at least the minimum wage for all hours worked.

48.     California law, including but not limited to Labor Code sections 1198 and 510 and the Wage Order, requires Defendants to pay employees required overtime wages for all hours worked past specified daily and weekly limits.

49.     California law requires Defendants to pay employees the agreed regular contractual rate of pay for all hours worked.

50.     Defendants have failed to pay Plaintiffs the required minimum, contractual, and overtime wages for all hours worked. By requiring or permitting Plaintiffs to purchase

necessary business expenses, while also failing to timely reimburse them for those expenses, Defendants pushed Plaintiffs' wages below the applicable legal minimum, overtime, and contractual rates of pay.

51.     As a direct and proximate result of Defendants' failure to pay Plaintiffs all contractual, minimum, and overtime wages owed, Plaintiffs have sustained damages, including loss of wages, in an amount according to proof at trial.

52.     Pursuant to Labor Code sections 1194 and 218.5, Plaintiffs are, therefore, entitled to recover lost wages in an amount according to proof at trial, and also to recover interest, costs, and reasonable attorney's fees.

53.     Additionally, Plaintiffs are entitled to recover liquidated damages pursuant to California Labor Code § 1194.2.

**THIRD CAUSE OF ACTION**
**Failure To Provide Accurate Wage Statements**
**(Cal. Lab. Code § 226)**
**Brought by Plaintiffs Naro and Gonzalez on behalf of the Plaintiff Class**
**As to All Defendants**

54.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

55.     California Law, including but not limited to California Labor Code section 226, subdivision (a), requires employers to furnish employees, with each payment of wages, accurate, itemized wage statements displaying, as is relevant here, all wages actually earned and due to the employee.

56.     Defendants have failed to provide Plaintiffs with accurate, itemized wage statements. The wage statements provided by Defendants fail to conform to California law because those wage statements falsely stat ethe amount of wages actually paid by failing to deduct wages earned but wrongfully withheld due to failures to reimburse business expenses.

57.     As alleged herein, the wage statements that Defendants provided to Plaintiffs do not include the information required by California law, including but not limited to California Labor Code section 226, subdivision (a).

58.    Plaintiffs' ability to calculate their incomes has been harmed by the absence of information required by Labor Code section 226, subdivision (a).

59.    As a direct and proximate result of Defendants' failure to provide Plaintiffs with accurate wage statements, Plaintiffs have suffered injury and damage to their statutorily protected rights, and have been injured because they were denied both their legal right to receive, and their protected interest in receiving accurate wage statements.

60.    Defendants' failure to provide accurate wage statements to Plaintiffs was knowing and intentional.

61.    Accordingly, Plaintiffs are entitled to recover statutory penalties in an amount according to proof at trial, costs, and reasonable attorneys' fees pursuant to California Labor Code section 226, subdivision (e).

## FOURTH CAUSE OF ACTION
### Failure to Pay All Wages Due at Separation
### (Cal. Lab. Code § 203)
### Brought by Plaintiffs Naro and Gonzalez on behalf of the Plaintiff Class
### As to All Defendants

62.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

63.    California Labor Code sections 201 and 202 require employers to pay employees, upon the termination of employment, all wages due within the time specified by those statutes.

64.    California Labor Code section 203 provides that where an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employee's wages until back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

65.    Defendants have failed to pay to those Plaintiffs who have separated all wages due upon termination or within 72 hours of resignation.

66.    Defendants failed to pay those Plaintiffs who have separated all wages due because they are not provided with wages sufficient to cover the cost of unreimbursed business

1    expenses.

2        67.    Defendants' failure to pay all wages due those Plaintiffs who have separated at

3    separation or termination was willful.

4        68.    As a direct and proximate result of Defendants' failure to pay Plaintiffs all wages

5    when due upon termination of employment, those Plaintiffs who have separated have been

6    injured in an amount to be proved at trial.

7        69.    Accordingly, those Plaintiffs who have separated are entitled to payment of thirty

8    days' wages, interest, costs, and attorney's fees pursuant to California Labor Code section 203.

**FIFTH CAUSE OF ACTION**
**Unfair Competition**
**(Cal. Bus. & Profs. Code § 17200,** *et seq.***)**
**Brought by Plaintiffs Naro and Gonzalez on behalf of the Plaintiff Class**
**As to All Defendants**

13        70.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

14   forth herein.

15        71.    Each violation of California law by Defendants as alleged herein constitutes a

16   separate and distinct unlawful and unfair business practice in violation of California Business

17   & Professions Code § 17200, *et seq*.

18        72.    As a direct and proximate result of Defendants' prohibited unfair and unlawful

19   business practices as alleged herein, Plaintiffs have been injured in an amount to be proved at

20   trial.

21        73.    Plaintiffs are entitled to restitution of all amounts which Defendants were

22   obligated to provide to Plaintiffs and which, through the unfair and unlawful practices alleged

23   herein, Defendants did not pay to Plaintiffs.

24        74.    As a direct, proximate, and foreseeable result of Defendants' conduct as alleged

25   above, Defendants have caused injury to Plaintiffs and to the public.

26        75.    Plaintiffs and the public are entitled to relief, including public injunctive relief.

27        76.    Defendants' conduct as alleged above are a serious and continuing threat to

28   Plaintiffs and the public. If Defendants are allowed to continue those violations of California

law, Plaintiffs and the public will suffer further immediate and irreparable injury, loss, and damage.

77.     In the absence of a temporary restraining order and preliminary and permanent injunctions as prayed for below, Defendants will continue to engage in unfair business practices.

78.     Unless Defendants are restrained by this Court, Plaintiffs and members of the general public will have no adequate remedy at law.

79.     Accordingly, Plaintiffs are entitled to public injunctive relief in the form of a temporary restraining order, preliminary injunction, and permanent injunction, each enjoining Defendants from further violations of California law as alleged.

80.     Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's fees according to law.

**SIXTH CAUSE OF ACTION**
**State Law Enforcement of the California Labor Code**
**(Lab. Code §§ 2698, *et seq.*)**
**Brought by Plaintiffs Naro and Gonzalez on behalf of the California LWDA**
**As to All Defendants**

81.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

82.     Plaintiffs bring this cause of action in a representative capacity on behalf of the California LWDA.

83.     Plaintiffs seeks to redress violations of the California Labor Code committed by Defendants against Aggrieved Employees as set out in the Private Attorneys General Act ("PAGA") notice submitted to the Labor and Workforce Development Agency in this action. That notice was submitted on March 16, 2022, and a true and correct copy of that notice is attached as Exhibit A, and the contents of Exhibit A are incorporated here by reference as though expressly setout herein.

84.     For the violations of the Labor Code alleged, Plaintiffs have no administrative remedies to exhaust.

85.     Plaintiffs have fully complied with notice requirements under PAGA by giving written notice to both the Labor and Workforce Development Agency and Defendant pursuant to Labor Code section 2699.3 subdivision (a)(1)(A), and by paying the filing fee required by subdivision (a)(1)(B) of the same.

86.     Sixty-five calendar days have now passed since Plaintiffs first gave the LWDA notice of their PAGA claims, and the LWDA has not responded or taken any position as to those claims. Accordingly, Plaintiffs now have the right to pursue those claims through a representative civil suit pursuant to Labor Code section 2699.3, subdivision (a)(2)(A).

87.     Plaintiffs Naro and Gonzalez have each personally suffered at least one of the violations of the Labor Code set out in Exhibit A, and has been injured as a direct and proximate result.

88.     Pursuant to Labor Code section 2699, subdivisions (a) and (f), Plaintiffs accordingly seek to recover civil penalties against Defendants for the specified Labor Code violations against Plaintiffs and all other Aggrieved Employees.

89.     In addition, Plaintiffs seek to recover their reasonable attorneys' fees and costs pursuant to Labor Code section 2699, subdivision (g)(1).

## VII.   PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

1.     That the Court certify this action as a class action on behalf of the Plaintiff Class;

2.     That the Court designate Plaintiffs Naro and Gonzalez as the representatives of the Plaintiff Class;

3.     That the Court appoint Aiman-Smith & Marcy, PC as class counsel;

4.     That this action and the Plaintiff Class be further designated, respectively, as a representative action and representative class under California Business & Professions Code § 17200, *et seq*.;

5.     For public injunctive relief in the form of a temporary restraining order, a preliminary injunction, and a permanent injunction, each enjoining Defendants

from further violations of California law as alleged;

6. That Defendants be ordered to pay all amounts owed to the Plaintiffs arising out of the actions complained of herein, including restitution, statutory penalties, compensatory damages, and interest;

7. That Defendants be ordered to pay all amounts owed to the California Labor and Workforce Development Agency arising out of the actions complained of herein, including civil penalties;

8. That Defendants be ordered to pay all civil penalties owed to the Aggrieved Employees arising out of the actions complained of herein;

9. That this Court determine, and provide its declaratory judgment, that the practices complained of herein were done willfully, knowingly, and intentionally;

10. That Defendants, at their own expense, be ordered to provide notice to Aggrieved Employees and Plaintiff Class of their potential claims arising out of the Labor Code violations alleged herein;

11. That, in addition to any constitutionally sufficient notice that is or might otherwise be required in a class action under California law, Defendants be ordered to pay for all necessary efforts to actually locate members of the representative class under Business and Professions Code § 17200, *et seq.*;

12. That Defendants be ordered to pay Plaintiffs' reasonable attorneys' fees pursuant to Labor Code sections 226, 1198.5, 1194, 1197, 218.5, 203, 2699; California Code of Civil Procedure section 1021.5; and the common law doctrines of common fund, substantial benefit, private attorneys general, and the catalyst theory;

13. That Defendants be ordered to pay Plaintiffs' reasonable costs of suit incurred; and

/ / /

/ / /

**Class Action Complaint**
*Naro, et al. v. Walgreen Co., et al.*
**Page 15**                **Case No.**

14.    For such other legal and equitable relief as the Court may deem just and proper.

May 31, 2022

A I M A N - S M I T H   &   M A R C Y
A PROFESSIONAL CORPORATION

_____
Brent A. Robinson
Attorneys for All Named Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs Naro and Gonzalez, each, in her individual capacity, in her capacity as putative class representative, and in her representative capacity as representative of the LWDA and the State, hereby demands a jury trial on all causes of action, claims, and issues with respect to which Plaintiffs and/or the LWDA and/or the State have a right to jury trial.

May 31, 2022

A I M A N - S M I T H   &   M A R C Y
A PROFESSIONAL CORPORATION

_____
Brent A. Robinson
Attorneys for All Named Plaintiffs

**EXHIBIT A**



March 16, 2022

*Via Online Filing*

California Labor and Workforce Development Agency

*Via Certified Mail*

Walgreen Co.
200 Wilmot Road
Deerfield, IL 60015

Corporation Service Company
As Agent for Service for Walgreens Co.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Walgreen Pharmacy Services Midwest, LLC
300 Wilmot Road
Deerfield, IL 60015

Corporation Service Company
As Agent for Service for Walgreen Pharmacy Services Midwest, LLC
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Re:     *LWDA ex rel. Serena Naro and Trish Gonzales v. Walgreen Co. et al.*

Dear PAGA Administrator:

My firm represents Serena Naro and Trish Gonzales (Relators). Pursuant to California Labor Code section 2699.3, Relators hereby provide notice of violations under the Private Attorneys General Act.

Pursuant to Labor Code section 2699, Relators apply to recover civil penalties against Walgreen Co., Walgreen Pharmacy Services Midwest, LLC, and Does 1-15.Those persons do business in California as "Walgreens" and as "Walgreens Boots Alliance," and employed Relators as well as other aggrieved employees within one year of the date of this notice. Relators seek to proceed against Defendants via a civil action brought on behalf of, and in the name of, the California Labor and Workforce Development Agency.

Defendant Walgreen Co. is an Illinois corporation, registered to and conducting business in California. Walgreen Pharmacy Services Midwest, LLC is an Illinois corporation, registered to and conducting business in California. Relators are ignorant of the true names or capacities of Defendants named herein as Does 1 through 15, inclusive, and therefore name these Defendants by these fictitious names. When the names and capacities of these Defendants are ascertained,

*Private Attorneys General Act Notice*
*Page 2*

Relators will amend this notice accordingly. Each of the Defendants named herein or designated as a Doe is liable or in some manner legally responsible under the Private Attorneys General Act for the violations alleged herein.

Relator hereinafter refers to all these Defendants collectively as "Defendants."

Penalties are sought for violations as alleged below occurring within the period commencing one year prior to the date of this Notice, and proceeding through the entry of final judgment (Claim Period). Relators seek to recover such penalties via a civil action to be filed against Defendants in the United States District Court for the Eastern District of California.

Such penalties are sought as to a group of aggrieved employees consisting of all employees of Defendants working within California at any time during the Claim Period (Aggrieved Employees). Defendants' employment of the Aggrieved Employees is generally governed by Industrial Welfare Commission Wage Order No. 7 (8 C.C.R. 11070) (Wage Order).

Defendants primarily participate in the mercantile industry by primarily engaging in the retail sale of goods. Defendants are each a person a who directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours, or working conditions of Relators. *See*, 8 C.C.R. 11070 § 2(F).

Defendants employed Relator Naro as a Senior Pharmacy Technician in Redding, California from approximately May 2021 through approximately September 2021. Defendants has employed Relator Gonzalez as a Store Clerk from approximately January 2008 through the present.

The violations alleged, and the penalties sought, are as follows:

## 1.  Defendants' Conduct

Defendants require Aggrieved Employees to report to work wearing uniform clothing items that are of a "distinctive design or color" and are not generally usable in the occupation, because the required uniform items must be in a particular color and/or bear the Walgreens logo.

While Defendants provide Aggrieved Employees with an initial set of basic clothing items, Defendants neither provide Aggrieved Employees with replacement items after the initial items are rendered unusable by normal wear and tear or otherwise, nor do Defendants reimburse Aggrieved Employees for required replacement purchases. Aggrieved Employees who wish to wear a jacket or layers are required to buy and wear Walgreens-branded clothing items.

Defendants failed to provide, and failed to reimburse Aggrieved Employees for the reasonable cost of purchasing those required uniform items. This includes not only the uniform items themselves, but also the additional shipping costs and fees incurred in connection with obtaining the required uniform items.

By requiring or permitting Aggrieved Employees to purchase necessary business expenses, while also failing to timely reimburse them for those expenses, Defendants pushed their wages below the applicable legal minimum, overtime, and contractual rates of pay.

*Private Attorneys General Act Notice*
*Page 3*

Defendants have failed to provide Aggrieved Employees with accurate, itemized wage statements. The wage statements provided by Defendants fail to conform to California law because those wage statements do not display all wages earned by Aggrieved Employees, including premium meal period wages, and wages for hours worked off the clock, while also falsely stating the amount of wages actually paid by failing to deduct wages earned but wrongfully withheld due to failures to reimburse business expenses. As a direct and proximate result of Defendants' failure to provide Aggrieved Employees with accurate, itemized wage statements, they have suffered injury and damage to their statutorily-protected rights, and have been injured because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements.

Defendants' failure to provide Aggrieved Employees with accurate, itemized wage statements is and was knowing and intentional.

Defendants have also failed to pay all wages to those Aggrieved Employees who separated from Defendants' employment within the Claim Period. Within the Claim Period, Aggrieved Employees have resigned from their employment or were terminated by Defendants. Defendants willfully failed to pay said Aggrieved Employees all wages due upon termination or within 72 hours of resignation. Defendants failed to pay said Aggrieved Employees all wages due because they are not provided with underpaid wages arising from unreimbursed business expenses. Defendants' failure to pay all wages due Aggrieved Employees at the separation or termination is willful.

## 2. Applicable Penalties, Including Underpaid Wages and Waiting-Time-Penalties as Penalties

### 2.1.        Failure to Reimburse Necessary Business Expenses

For each pay period in which an employee is not reimbursed for a necessary business expense, Defendants violated Labor Code section 2802 and the Wage Order.

Violations of section 2802 are subject to subject to penalties under Labor Code section 2699 in the amount of $100 per violation.

Violations of the Wage Order are subject to penalties under Labor Code section 558 in the amount of $50 per violation. In addition, because penalties provided for in section 558, subdivision (a) are in addition to any other penalty provided by law, Defendants are also subject to other penalties provided by law, including penalties under Labor Code section 2699 in the amount of $100 per violation, penalties under Labor Code section 1199 in the amount of $100 per violation, penalties under Labor Code section 1197.1 in the amount of $100 per violation. *See*, *Fleming v. Dollar Tree Stores, Inc.* (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 67749 at pp. 23-28 (stacking penalties authorized where applicable penalty is expressly stated to be supplemental rather than an exclusive penalty). In addition, each violation of the Wage Order also violates Labor Code sections 1198 and 1198, and which are themselves subject to penalties under Labor Code sections 1199 and 2699 of $100 each per violation of the underlying statute. Thus, total penalties of $850 are available per violation of the Wage Order.

In total, penalties of $950 are available for each pay period in which an employee is not reimbursed for necessary business expenses. In addition, Relators shall seek to recover

*Private Attorneys General Act Notice*
*Page 4*

subsequent violation penalties for each violation occurring after the date Defendants received this Notice, and thereby received notice that its conduct was violating state law.

**2.2.       Receipt of Wages Previously Paid, and Secret Payment of Lower Wage, Labor Code §225.5**

For each pay period in which an employee's purchase of necessary business expenses goes unreimbursed, that employee is effectively forced to pay to Defendant a portion of wages previously paid, and Defendants have violated Labor Code section 221.  Defendants' payment of a lower, secret wage than was agreed or is statutorily required is a violation of Labor Code section 223.

For each violation of section 221, and for each violation of 223, Defendant is subject to penalties under section 225.5 of $100 per violation.  Because section 225.5's penalties are supplemental, each violation of section 221, and each violation of section 223 is also subject to penalties under section 2699 in the amount of $100 per violation.

In total, penalties of $400 are available for each pay period in which an employee made an made an unreimbursed purchase of a necessary business expense in violation of sections 221 and 223. In addition, Relators shall seek to recover subsequent violation penalties for each violation occurring after the date Defendants received this Notice, and thereby received notice that its conduct was violating state law.

**2.3.       Failure to Pay Minimum, Overtime, and Contractual Wages**

For each pay period in which an employee is not paid the required minimum or overtime wage for all hours worked (including pay periods in which necessary business expenses go unreimbursed, causing an unlawful deduction from wages), Defendants have violated Labor Code sections 1197 (minimum and overtime wages), 510 (overtime wages), 204/204b (regular payment of all wages due), 226 (accurate wage statements), and the Wage Order (minimum and overtime wages).

Violations of section 1197 are subject to penalties under Labor Code section 1197.1 of $100 per violation. Section 1197.1's penalties are supplemental. Id. at subd. (i). Accordingly, violations of section 1197 are also subject to penalties under section 2699 in the amount of $100 per violation. Thus, total penalties of $200 are available per violation under section 1197.

Violations of section 510 are subject to penalties under Labor Code section 2699 in the amount of $100 per violation.

Violations of sections 204 and 204b are subject to penalties under Labor Code section 2699 in the amount of $100 per violation.

As previously noted, total penalties of $350 are available per violation of section 226.

As previously noted, total penalties of $850 are available per violation of the Wage Order.

*Private Attorneys General Act Notice*
*Page 5*

In total, penalties of $1,600 are available for each pay period in which an employee is not paid the required minimum, overtime, or contractual wage for all hours actually worked. In addition, Relators shall seek to recover subsequent violation penalties for each violation occurring after the date Defendants received this Notice, and thereby received notice that its conduct was violating state law.

**2.4.**      **Failure to Pay All Wages Due at Separation**

For each employee who separated from Defendants' employment without receiving payment of all wages owing and due, including premium rest and meal period wages, Defendants have violated sections 201 and 202, which require the payment of all wages due at the time of separation.

Violation of sections 201 and 202 are subject to penalties under section 2699 in the amount of $100 per violation. In addition, Relators shall seek to recover subsequent violation penalties for each violation occurring after the date Defendants received this Notice, and thereby received notice that its conduct was violating state law.

---

Relators reserve the right to file an amended or supplemental notice as new violations come to light.

Please contact me with any questions or concerns regarding the allegations contained in this notice.

Very truly yours,

AIMAN-SMITH & MARCY
A PROFESSIONAL CORPORATION

/s/ Brent A. Robinson

Brent A. Robinson
bar@asmlawyers.com