UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERENA NARO, et al.,

              Plaintiffs,

      v.

WALGREEN CO, et al.,

              Defendants.

Case No. 22-cv-03170-JST

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT**

Re: ECF No. 66

Before the Court is Plaintiffs' unopposed motion for preliminary approval of class action settlement. ECF No. 60. For the reasons set forth below, the Court will grant the motion.

## I.    BACKGROUND

Plaintiffs Serena Naro and Trish Gonzales, representatives of the California Labor & Workforce Development Agency (collectively "Plaintiffs"), bring suit against Defendants Walgreen Co., Walgreen Pharmacy Services Midwest, LCC, and Does 1–15 (collectively, "Defendants"). ECF No. 33 ¶ 1. Plaintiffs allege that Defendants failed to "reimburse for necessary business expenses, namely expenses incurred in purchasing replacement uniforms which Defendants[] required Plaintiffs to wear each shift." *Id.* ¶ 5. Plaintiffs allege violations of the California Labor Code, including for failure to reimburse for business expenses (Cal. Lab. Code § 2802); the Private Attorneys General Act (Cal. Lab. Code § 2698 et seq.; "PAGA"); IWC Wage Order No. 7 (Cal. Code Regs. tit. 8, § 11070; "Wage Order"); and the Unfair Competition Law (Cal. Bus. & Profs. Code § 17200, et seq.; "UCL"). *Id.*

Plaintiffs filed this action on May 31, 2022. ECF No. 1. After briefing, the Court granted Defendants' motion to dismiss without prejudice. ECF No. 32. Plaintiffs amended their complaint, ECF No. 33, and Defendants answered, ECF No. 38. The parties also undertook initial

1   discovery and ADR.  On June 6, 2024, Plaintiffs filed a motion for preliminary approval of class

2   action and PAGA representation action settlement, ECF No. 60, which the Court denied without

3   prejudice, ECF No. 65.  Plaintiffs filed their second unopposed motion for preliminary settlement

4   approval on February 13, 2025.  ECF No. 66.

5   **II.     JURISDICTION**

6        The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7   **III.    LEGAL STANDARD**

8        The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class

9   actions.  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  Rule 23 requires

10  courts to employ a two-step process in evaluating a class action settlement. First, the parties must

11  show "that the court will likely be able to . . . (i) approve the proposal under Rule 23(e)(2)."  Fed.

12  R. Civ. P. 23(e)(1)(B).  In other words, a court must make a preliminary determination that the

13  settlement "is fair, reasonable, and adequate" when considering the factors set out in Rule

14  23(e)(2).  If no class has yet been certified, a court must make a preliminary finding that it "will

15  likely be able to . . . (ii) certify the class for purposes of judgment on the proposal."  Fed. R. Civ.

16  P. 23(e)(1)(B).  If the court makes these preliminary findings, it "must direct notice in a reasonable

17  manner to all class members who would be bound by the proposal."  *Id.*  Second, courts must hold

18  a hearing pursuant to Rule 23(e)(2) to make a final determination of whether the settlement is

19  "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).

20       The Court's task at the preliminary approval stage is to determine whether the settlement

21  falls "within the range of possible approval."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d

22  1078, 1079 (N.D. Cal. 2007) (quoting *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F.

23  Supp. 2d 561, 570 n.12 (E.D. Pa. 2001)).  Courts "must be particularly vigilant not only for

24  explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their

25  own self-interests and that of certain class members to infect the negotiations."  *In re Bluetooth*

26  *Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).  Preliminary approval is

27  appropriate if "the proposed settlement appears to be the product of serious, informed, non-

28  collusive negotiations, has no obvious deficiencies, does not improperly grant preferential

United States District Court
Northern District of California

2

1  treatment to class representatives or segments of the class, and falls within the range of possible

2  approval." *Tableware*, 484 F. Supp. 2d at 1079 (quoting *Schwartz*, 157 F. Supp. 2d at 570 n.12).

3          The proposed settlement need not be ideal, but it must be fair and free of collusion,

4  consistent with counsel's fiduciary obligations to the class. *Hanlon v. Chrysler Corp.*, 150 F.3d

5  1011, 1027 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564

6  U.S. 338 (2011) ("Settlement is the offspring of compromise; the question we address is not

7  whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and

8  free from collusion."). To assess a settlement proposal, courts must balance a number of factors:

9              [T]he strength of the plaintiffs' case; the risk, expense, complexity,
10             and likely duration of further litigation; the risk of maintaining class
               action status throughout the trial; the amount offered in settlement;
11             the extent of discovery completed and the stage of the proceedings;
               the experience and views of counsel; the presence of a governmental
12             participant; and the reaction of the class members to the proposed
               settlement.

13 *Id.* at 1026 (quoting *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).

14         The proposed settlement must be "taken as a whole, rather than the individual component

15 parts," in the examination for overall fairness. *Id.* Courts do not have the ability to "delete,

16 modify, or substitute certain provisions;" the settlement "must stand or fall in its entirety." *Id.*

17 (quoting *Officers for Justice v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d

18 615, 630 (9th Cir. 1982).

19 **IV.    DISCUSSION**

20         The Court previously denied the parties' first proposed settlement agreement based on

21 deficiencies in the key terms of the settlement. *See* ECF No. 65. The Court now addresses each

22 deficiency in turn to determine whether the issues have been resolved.

23                     **1.    Named Plaintiffs' General Release**

24         The Court first took issue with the Named Plaintiffs' release provision because it placed

25 the Named Plaintiffs in conflict with the settlement class. ECF No. 65 at 1. The Court noted that

26 in addition to agreeing to release the claims asserted in the complaint, the Named Plaintiffs agreed

27 to "fully and finally release and discharge the Released Parties from all known and unknown

28 claims they have or may have against the Released Parties, of every nature and description

United States District Court
Northern District of California

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

whatsoever, up to the date of the Court's final approval of the Settlement Agreement," ECF No. 66-1 ¶ 34(d), as a part of the consideration for a $10,000 incentive award.  *Id.*  The Court was specifically concerned about the incentive payments awarded in exchange for general releases, because they "appear to be completely divorced from any benefit or service to the class."  *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1056 (9th Cir. 2019).  As such, the Court explained that it would not approve a settlement agreement containing that provision.  ECF No. 65 at 2.

In their renewed motion, the parties retained the general release language but replaced the clause "[i]n consideration for the service payments being paid to Plaintiffs" with "[i]n exchange for the consideration provided by Defendant."  ECF No. 66 at 11.  The Court finds that Plaintiffs' revision resolves the potential conflict of interest and that the Named Plaintiffs' execution of a broader release is within the range of possible approval for this stage.  *See Connelly v. Starbucks Corp.*, No. 1:21-CV-00746-SAB, 2023 WL 6387077, at *7 (E.D. Cal. Sept. 29, 2023) (permitting general release for named plaintiff); *Guerrero-Hernandez v. Ozburn-Hessey Logistics, LLC*, No. ED CV16-01422 JAK (AFMx), 2020 WL 10828063, at *10 (C.D. Cal. Feb. 27, 2020) (same).

### 2.    Response Period to Notice of Settlement

Next, the Court noted that the parties' proposed notice of settlement must contain a response period of at least 60 days for class members to opt out or file objections after notice is mailed to the class.  ECF No. 65 at 2.  The new agreement provides class members a response period of 60 days.  ECF No. 66–1 ¶ 10(k).  This resolves the prior deficiency.

### 3.    Opportunity to Object to Motion for Attorney's Fees

Finally, the Court held that the parties did not provide an opportunity for class members to object to Plaintiffs' anticipation motion for attorney's fees with the final approval papers.  ECF No. 65 at 2.  In response, the parties added language providing such an opportunity:

> Any Settlement Class Member who intends to object to Plaintiff's Motion for Attorney's Fees and Costs must (1) file a written objection with the Court no later than 14 calendar days prior to the Final Hearing and (2) mail or personally deliver a copy of the written objection to Class Counsel and Defendants' Counsel on the same day as the objection is sent to the Court. . . .

ECF No. 66–1 ¶ 33(b).

4

The Court finds that the parties' added language resolves the deficiency the Court previously noted.

### 4.    Other Observations

The Court offered additional observations for the parties to consider, which included (1) the need for the parties to justify a deviation from the attorney's fee benchmark of twenty-five percent of the entire common fund, and (2) some considerations regarding the value of settlement compared to what Plaintiffs might have recovered if they had prevailed at trial.  ECF No. 65 at 3–5.  As previously mentioned, *id.* at 3, the Court will not rule on the first issue at this stage of the class action settlement.  As to the second issue, the Court previously noted, notwithstanding the issues it raised, that it was "likely to conclude that the amount offered in settlement is reasonable." *Id.* at 4–5 ("The $100,000 proposed to be allocated to PAGA penalties represents approximately 3.3% of the maximum PAGA liability, and courts in this circuit have regularly approved settlement amounts constituting single digit percentages of the PAGA penalty." (citing cases)).  That remains true.

# CONCLUSION

For the foregoing reasons, Plaintiffs' motion for preliminary approval of the proposed settlement is granted.  The Court hereby approves the proposed Notice of Settlement and the proposed notice process, and adopts the following dates and deadlines:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

United States District Court
Northern District of California

| Deadline for Defendants to pay the Administrator all mounts awarded and approved by the Court ("Payment Date") | The latest of: <br><br> • 15 business days following the entry of a Judgment finally approving this Settlement; or <br><br> • If an objection is filed, 15 business days after any deadline to file an appeal has expired; or <br><br> • If an appeal has been taken or sought, 15 business days after the Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or judicial review, or the date the appeal(s) or reviews are finally dismissed |
|---|---|
| Deadline for Defendants to provide to Administrator a list containing, for each Class Member, the following information: (1) name; (2) last known address, email address (to the extent such information is maintained in Defendants' Human Resources Information System) and phone number (to the extent such information is maintained in Defendants' Human Resources Information System); (3) Social Security number; (4) the total amount spent on clothing items purchased by each Settlement Class Member at their own expense from one of Walgreens' third-party clothing vendors during the Class Period; and (5) the total number of pay periods that each Aggrieved Employee purchased clothing items at their own expense from one of Walgreens' third-party clothing vendors during the PAGA Period. | July 18, 2025 |
| Deadline for Administrator to mail and email the Class Notice to Class Members | July 29, 2025 |
| Deadline for Settlement Class Members to postmark request to opt-out or file objections to the Settlement | September 29, 2025 |
| Deadline for Administrator to provide the Court with a declaration attesting to completion of the notice process | December 29, 2025 |

| | |
|---|---|
| Deadline for filing of Final Approval Motion and Motion for Attorney's Fees, including responses to Class Members' objections to the Settlement | October 29, 2025 |
| Deadline for Settlement Class Members to file objections to the Motion for Attorney's Fees | December 4, 2025 |
| Deadline for filing of Response to Class Members' objections to the Motion for Attorney's Fees | December 11, 2025 |
| Final Approval Hearing | January 8, 2026 at 2:00 p.m. via Zoom webinar |
| Effective Date | The date that the Court's judgment approving this settlement becomes final. For purposes of this Agreement, the judgment "becomes final" upon the last to occur of the following:<br><br>i.   The entry of a judgment finally approving this Settlement, provided no objection is made to this Settlement prior to or at the hearing for approval of this Settlement, or if any objection is made, but is resolved formally and withdrawn prior to the final approval hearing of this Settlement.<br><br>ii.   If an objection to this Settlement is made before or at the hearing for approval (that is not resolved prior to the hearing and is formally withdrawn), thirty-one (31) calendar days after the Judgment is entered, provided no appeal is filed.<br><br>iii.   If an appeal has been taken or sought, seven (7) calendar days after the date the Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review, or the date the appeal(s) or other judicial review are finally dismissed (and upholding the Settlement) with no possibility of subsequent appeal or other judicial review. |
| Deadline for Administrator to make all payments due under the Settlement | Within ten (10) business days of the Payment Date |

| Check-cashing deadline | 180 days after issuance |
| Deadline for Administrator to distribute uncashed check funds to cy pres | As soon as practicable after check-cashing deadline |
| Deadline for Plaintiffs to file a Post-Distribution Accounting | Within 21 days after the distribution of any remaining monies to the cy pres recipient |

The Court further orders that, pending further order of this Court, all proceedings in this Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

**IT IS SO ORDERED.**

Dated:  July 8, 2025



_____

JON S. TIGAR
United States District Judge