

1

AIMAN-SMITH & MARCY
A PROFESSIONAL CORPORATION

2  Randall B. Aiman-Smith #124599
   Reed W.L. Marcy #191531
3  Hallie Von Rock #233152
   Lisseth Bayona #338135
4  7677 Oakport St. Suite 1000
   Oakland, CA 94621
5  T 510.215.1942
   ras@asmlawyers.com
6  rwlm@asmlawyers.com
   hvr@asmlawyers.com
7  lb@asmlawyers.com

8  Attorneys for Plaintiffs

9

**UNITED STATES DISTRICT COURT**

10

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12

13  SERENA NARO, individually and on          ) Case No.: 4:22-cv-03170-JST
    behalf of all others similarly situated;  )
14  TRISH GONZALES, individually and          ) Assigned for All Purposes to:
    on behalf of all others similarly situated;) Hon. Jon S. Tigar
15  AND THE CALIFORNIA LABOR                   ) Courtroom 6
16  AND WORKFORCE                              )
    DEVELOPMENT AGENCY *ex rel.*               )
17  SERENA NARO AND TRISH                      ) **PLAINTIFFS' NOTICE OF MOTION AND**
    GONAZALES, a California                    ) **MOTION FOR FINAL APPROVAL OF**
18  governmental entity,                       ) **CLASS ACTION AND PRIVATE**
                                               ) **ATTORNEY'S GENERAL ACT**
19                                             ) **SETTLEMENT, ATTORNEYS' FEES AND**
              Plaintiff,                       ) **COSTS, CLASS REPRESENTATIVE**
20                                             ) **INCENTIVE AWARDS, AND SETTLEMENT**
        v.                                     ) **CLAIMS ADMINISTRATION COSTS**
21                                             )
    WALGREEN CO., an Illinois                  )
22  corporation; and WALGREEN                  ) Date: January 8, 2026
    PHARMACY SERVICES MIDWEST,                 ) Time: 2:00 PM
23  LLC, an Illinois corporation; and DOES     ) Courtroom 6, via Zoom
    1-15,                                      )
24                                             ) Complaint Filed: May 31, 2022
              Defendants.                      )
25                                             )
                                               )
26  ─────────────────────────────────────────

27

28

1   TO THE COURT AND ALL INTERESTED PARTIES:

2       PLEASE TAKE NOTICE THAT on January 8, 2026, at 2:00 P.M., or as soon thereafter

3   as counsel may be heard in in Courtroom 6, 1301 Clay Street, Oakland, CA, 94612, via Zoom,

4   before Hon. Jon S. Tigar of the United States District Court, Northern District of California,

5   Plaintiffs Serena Naro and Trish Gonazles, on behalf of themselves and all others similarly

6   situated ("Plaintiffs"), will and hereby do respectfully file this motion for a request that this

7   Court issue an order (1) granting final approval of the settlement, and (2) granting the

8   application for attorneys' fees, costs, expenses, incentive awards, and claims administration

9   costs.

10      This Motion will be based on this notice, the supporting Memorandum of Points and

11  Authorities herewith, the Declaration of Hallie Von Rock, the Declaration of Bryn Bridely of

12  Atticus Administration, all pleadings and papers currently in the Court's file, and such other

13  oral and documentary evidence as may be presented at the hearing on this motion.

14

15  October 29, 2025                    AIMAN-SMITH & MARCY
                                        A PROFESSIONAL CORPORATION
16

17                                      /s/ Hallie Von Rock
                                        _____
18                                      Hallie Von Rock, Esq.
                                        Attorneys for Plaintiffs
19

20

21

22

23

24

25

26

27

28

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                    Case No. 4:22-cv-03170-JST
Page 1

# TABLE OF CONTENTS

**I. INTRODUCTION** .................................................................................**3**

**II. BACKGROUND** ................................................................................**3**

    A.  Litigation History .................................................................3

    B. Settlement Terms .................................................................3

**III. FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE** ...................**5**

    A.  The Parties Have Given the Best Practicable Notice of the Settlement.......................5

    B. The Settlement Is Fair, Reasonable, and Adequate .......................7

**IV. THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE AND APPROPRIATE** ...........................................................................**9**

    A. The Attorneys' Fees Award Requested.......................................9

    B.  An Award of the Percentage of the Common Fund Is Appropriate....................9

    C.  Cross-Check of the Loadstar Supports the Attorneys' Fees Request .......................11

    D.  Class Counsel's Costs Should Be Approved .......................................12

    E.  The Court Should Approve the Service Awards..............................13

    F.  The Court Should Approve the Settlement Administration Costs ..................16

    G.  The Court Should Approve the *Cy Près* Distribution .......................16

**V. CONCLUSION**................................................................................**16**

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                    Case No. 4:22-cv-03170-JST
Page 1

# TABLE OF AUTHORITIES

**Cases**

*Bergman v. Thelen LLP*, No. 3:08-cv-05322-LB, 2016 U.S.Dist.LEXIS 170861 (N.D. Cal. Dec. 9, 2016) (Beeler, M.J.) ................................................................................................................11

*Bolton v. U.S. Nursing Corp.*, No. 12-cv-4466-LB, 2013 WL 5700403 (N.D. Cal. Oct. 18, 2013) ...14

*Byrd v. Civil Serv. Comm'n*, 459 U.S. 1217 (1983) ................................................................................7

*Chu v. Wells Fargo Investments, LLC*, Nos. C 05-4526 MHP, C 06-7924 MHP, 2011 U.S. Dist. LEXIS 15821, 2011 WL 672645 (N.D. Cal. Feb. 16, 2011)). ...........................................................................11

*Cunha v. Hansen Nat. Corp.*, No. 08-1249-GW(JCx), 2015 WL 12697627 (C.D. Cal. Jan. 29, 2015).13

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ................................................................................5

*Gonzalez v. Southern Wine & Spirits of Am., Inc.*, 555 Fed.Appx. 704 (9th Cir. 2014) ......................10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ................................................................9, 10

*Harris v. Marhoefer*, 245 F.3d 16 (9th Cir. 1994) ................................................................................12

*Hendricks v. Starkist Co*, No. 13-cv-00729-HSG, 2016 WL 5462423 (N.D. Cal. Sept. 29, 2016) ..........9

*Hightower v. JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx)) 2015 U.S.Dist.LEXIS 174314 (C.D.Cal. Aug. 4, 2015) ................................................................................................13

*In re Activision Sec. Litig.*, 723 F.Supp. 1373 (N.D. Cal. 1989) ...........................................................11

*In re Immune Response Securities Litig.*, 497 F.Supp.2d 1166 (S.D. Cal. 2007) ................................13

*In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373 (9th Cir. 1995) ........................................................11

In re Rite Aid Corp. Sec. Litig., 396 F.3d 294 (3d Cir. 2005) ................................................................12

*Laffitte v. Robert Half Intern. Inc.*, 1 Cal.5th 480 (2016) ..............................................................10, 11

*Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) ......................................................9

*Millan v. Cascade Water Services, Inc.*, No. 1:12-cv-01821-AWI-EPG, 2016 WL 3077710 (E.D. Cal. June 2, 2016) ................................................................................................................15

*Morales v. Stevco, Inc.*, 2013 U.S. Dist. LEXIS 41799, 2013 WL 1222058 (E.D. Cal. Mar. 25, 2013)11

*Morris v. Lifescan, Inc.*, 54 F.App'x 663 (9th Cir. 2003) ................................................................11

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ........................................................5

Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs
*Naro, et al. v. Walgreen Co., et al.*                                    Case No. 4:22-cv-03170-JST
Page 1

*Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615 (9th Cir. 1982) ..............7, 8

*Parkinson v. Hyundai Motor Am.*, 796 F.Supp.2d 1160 (C.D. Cal. 2010) ................................9

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)................................................5

*Rodriguez v. Disner*, 688 F.3d 645 (9th Cir. 2012) ................................................9

*Rodriguez v. West Pul'g Corp.*, 563 F.3d 948 (9th Cir. 2009)................................14

*Schaffer v. Litton Loan Servicing, LP*, No. CV 05-07673 MMM (JCx), 2012 WL 10274679 (C.D. Cal. Nov. 13, 2012) ................................................15

*Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990)................10, 11

*State of Florida v. Dunne*, 915 F.2d 542 (9th Cir. 1990)................................................11

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003)................................................9, 13, 14

*Thieriot v. Celtic Ins. Co.*, No. C 10-04462 LB, 2011 U.S. Dist. LEXIS 44852, at *15 (N.D. Cal. Apr. 21, 2011) (Beeler, M.J.) ................................................10, 14

*Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294 (N.D. Cal. 1995)................................12

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010) ................................10

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ................................10

Statutes

Cal. Lab. Code § 1194................................................12

Cal. Lab. Code § 2699(g)(1) ................................................13

Rules

29 U.S.C. § 216(b) ................................................12

Fed. R. Civ. P. 23(h) ................................................9, 12

Fed. Rule Civ. Proc. 23(c)(2)(B)................................................5

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                    Case No. 4:22-cv-03170-JST
Page 2

# I. INTRODUCTION

After more than two years of litigation, extensive discovery, and arms'-length settlement negotiations, Plaintiffs obtained a $950,000 non-reversionary settlement for 10,548 Settlement Class Members. This Settlement provides meaningful monetary relief to Settlement Class Members for unreimbursed business expenses under Labor Code § 2802, as well as PAGA penalties, and avoids the risks, delays, and expense of further litigation.

On July 8, 2025, this Court granted preliminary approval, finding the Settlement fair, reasonable, and adequate on a preliminary basis. Since then, notice has been disseminated to the Class, and Settlement Class Members were given the opportunity to opt out or object.

Because the Settlement satisfies all Rule 23(e) criteria and has received a positive reaction from the Class, Plaintiffs respectfully request that the Court grant final approval.

# II. BACKGROUND

A. Litigation History

Plaintiffs alleged that Defendants violated California Labor Code § 2802 by requiring employees to wear and purchase logo-branded uniforms of Defendants Walgreen Co., and Walgreen Pharmacy Services Midwest ("Walgreen") without reimbursement, and that such practices also constituted unfair business practices under the UCL and gave rise to PAGA penalties.

Defendants denied all liability. After discovery, including depositions, written discovery, vendor data analysis, and lengthy negotiations, the Parties reached a settlement.

B. Settlement Terms

• Gross Settlement Amount: $950,000, non-reversionary.

• Class Size: 10,548 Settlement Class Members (In Plaintiffs' Motion for Preliminary Approval, it was estimated that there were 12,553 class members. This number came from the expert analysis completed for the damages exposure. According to the data reviewed by Resolution Economics, LLC, 12,553 employees purchased a garment at their own expense during the class period. *See,* Declaration of Jonathan Wilson filed in support of Preliminary Approval ("Wilson Dec.") (ECF 66-2, ¶ 8). However, within the

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                                    Case No. 4:22-cv-03170-JST
Page 3

data were clothing items considered "voluntary purchases." (ECF 66-2, ¶ 8). These t-shirts are not considered a uniform or necessary business expense, but rather, Walgreen permitted employees to purchase and wear these t-shirts during specific periods during the year in place of the Walgreen logo polo shirts, if the employee preferred to do so. *See,* Declaration of Hallie Von Rock in Support of Final Approval ("Von Rock Dec.") ¶¶ 4-8. Since the class period goes through Preliminary Approval, which was granted more than a year after Plaintiffs' initial Motion for Preliminary Approval was filed and the damages exposure had been prepared for the settlement negotiations, the number of Class Members who made personal orders of uniform clothing increased so that the total number of Settlement Class Members as of July 8, 2025, when Preliminary Approval was granted, was 10,548. As set forth in the Declaration of Bryn Bridley ("Atticus Dec."), filed concurrently herewith, she testifies that of the 10,550 Class Members identified by Defendant, there were two duplicates and, thus, the total number of Settlement Class Members is 10,548.)

- Attorneys' Fees & Costs: Up to $316,666.67 in fees (33 1/3% of the fund) and up to $20,000 in costs. However, in this Motion for Final Approval and Attorney's Fees, Plaintiffs' counsel is abiding by the Court's benchmark of 25% of the Gross Settlement Amount as an award of attorney's fees, which results in a fee of $237,500, and actual litigation costs of $17,828.76.

- Service Awards: $10,000 each to Plaintiffs Naro and Gonzales.

- Settlement Administration: $37,200.

- PAGA Allocation: $100,000, with 75% ($75,000) to LWDA and 25% ($25,000) to Aggrieved Employees.

- Net Settlement to Class: Balance distributed pro rata based on clothing purchases during the Class Period, estimated to be $537,472.

- *Cy Près*: Legal Aid at Work, subject to Court approval.

//

//

Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs
*Naro, et al. v. Walgreen Co., et al.*                                                    Case No. 4:22-cv-03170-JST
Page 4

# III. FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE

### A. The Parties Have Given the Best Practicable Notice of the Settlement

In approving a class action settlement, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. Rule Civ. Proc. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974) (individual notice must be sent to class members who can be identified through reasonable means); *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950) (best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). The notice is sufficient for purposes of due process if it contains a description of the litigation and explanation of the right to opt-out of the settlement. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).

The Court directed that the proposed Class Notice be sent to Settlement Class Members in the manner specified by the Settlement. (ECF 74, ¶ IV, 2) The Parties implemented the Court's directions in this regard. *See,* Atticus Dec., ¶¶ 4-10.

The Parties agreed to the following settlement website domain: www.WalgreenCoSettlement.com, which included Plaintiffs' Motion for Preliminary Approval and supporting documents, the Settlement Agreement and Release, the Preliminary Approval Order, and Class Notice. *See,* Atticus Dec., ¶¶ 11-13. Attached as **Exhibit C** to the Atticus Declaration is a copy of the final Notice of Class Action.

Atticus also obtained the toll-free telephone number 1-800-817-4421 as the dedicated Settlement phone number for this matter. The telephone number was activated on the Notice dissemination date and was printed in the Notice and posted on the website for Class Members to call with questions or to obtain more Settlement information. *See,* Atticus Dec., ¶ 14.

Counsel for Defendants provided Atticus with the Class List, containing mailing addresses for 10,550 Class Members, which included their names, employee identification numbers, last known address, Social Security Number, and total amount of Walgreen-logo uniform items during the Class and PAGA periods (the "Class Members' Data"). *See,* Atticus

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                                                 Case No. 4:22-cv-03170-JST
Page 5

Dec., ¶ 4. Defendants also provided email addresses available, which accounted for approximately 8,455 email addresses. *Id.,* ¶ 9.

The data file was processed through the National Change of Address database maintained by the United States Postal Service ("USPS"). This process returns address updates for anyone who has filed a change of address form with the USPS to ensure accurate mail delivery. *Id.,* ¶ 6.

On July 29, 2025, Atticus mailed postcard Class Notices to all Settlement Class Members via first-class mail. *Id.*, ¶ 7. Atticus also e-mailed Class Notices to those Settlement Class Members for whom Defendants provided email addresses. *Id.*, ¶ 9. The Class Notices informed Settlement Class Members that they could submit an objection to the Settlement postmarked by September 29, 2025. *Id.*, ¶ 15. The settlement website also informed of the deadlines, including that the date for Plaintiffs to file their Motion for Final Approval and Motion for Attorney's Fees is October 29, 2025, and the deadline for Class Members to object to the Motion for Attorney's Fees is December 4, 2025. *Id.*, ¶ 11.

Of the 10,550 postcard Notices mailed, 707 were returned to Atticus as undeliverable. Sixty-one (61) of the undeliverable postcards included forwarding address information and were remailed to the addresses provided by the USPS. Six hundred thirty-two (632) of the mailing 646 undeliverable records were sent to a professional service for address tracing, where new addresses were obtained for 531 records and were not obtained for 101 records. Postcard Notices were promptly remailed to the 531 addresses obtained from trace, 59 of which returned to Atticus a second time. Fourteen (14) undeliverable records received after the Notice Deadline or prior to the Notice Deadline but without sufficient time to trace and remail the Notice before the Notice Deadline were not traced. In total, 10,376 Notices or 98.35% of the postcards were successfully mailed. *Id.*, ¶ 8.

Atticus initially received one objection to the Settlement from a Settlement Class Member, which the Settlement Class Member separately filed with this Court. *See,* Von Rock Dec. ¶ 47; Atticus Dec. ¶ 16; ECF 73. However, after speaking with Plaintiffs' Counsel, and reading the Class Notice, that Class Member withdrew her objection, without any payment or

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                                           Case No. 4:22-cv-03170-JST
Page 6

consideration. *Id.,* ECF 74.

Atticus received no requests for exclusion. *See*, Von Rock Dec. ¶ 47; Atticus Dec., ¶ 46.

The Notice procedure approved by the Court was and is the best notice practicable. The Claims Administrator has thus far made reasonable efforts to ensure delivery of the Notice Packet to each Settlement Class Member. The Notice provided each Settlement Class Member with the information necessary to make an informed decision regarding whether to participate in the Settlement.

Therefore, the Court may proceed to determine the fairness and adequacy of the Settlement and order its approval, secure in the knowledge that all absent Class Members have been and will be given the opportunity to participate fully in the approval process.

### B. The Settlement Is Fair, Reasonable, and Adequate

On a motion for final approval of a class action settlement under Rule 23(e), a court's inquiry is whether the settlement is "fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), cert. denied sub nom. *Byrd v. Civil Serv. Comm'n*, 459 U.S. 1217 (1983).

Although courts possesses "broad discretion" in determining that a proposed class action settlement is fair, a court's role "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers of Justice*, 688 F.2d at 625. In deciding whether to grant final approval to a settlement as fair, reasonable, and adequate, courts consider several relevant factors:

- the strength of the plaintiffs' case;
- the risk, expense, complexity and likely duration of further litigation;
- the risk of maintaining class action status throughout the trial;
- the amount offered in settlement;
- the extent of discovery completed and the stage of the proceedings;
- the experience and views of counsel; and

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                                        Case No. 4:22-cv-03170-JST
Page 7

1 • the reaction of the class members to the proposed settlement.

2 *Id*. at 624.

3 "The relative degree of importance to be attached to any particular factor will depend

4 upon and be dictated by the nature of the claims advanced, the types of relief sought, and the

5 unique facts and circumstances presented by each individual case." *Id*.

6 The relevant criteria set forth above that support final approval of this class action

7 settlement were discussed in the Renewed Motion for Preliminary Approval of Class Action

8 Settlement (ECF 66, at Sections VI-VII). *See also,* Von Rock Dec. ¶¶ 20-43. For the same

9 reasons this Court found the Settlement fair, reasonable and adequate on a preliminary basis,

10 Plaintiffs request the Court find the Settlement fair, reasonable and adequate in terms of final

11 fairness.

12 The primary factor to consider since preliminary approval is the reaction of the class

13 members to the proposed settlement. No Settlement Class Members object to this Settlement

14 (following the withdrawal by one class member) and there have been no exclusions. *See,*

15 Atticus Dec. ¶¶ 15-16.

16 Further, per the Court's Order Granting Preliminary Approval, "[I]t was 'likely to

17 conclude that the amount offered in settlement is reasonable.' *Id.* at 4–5 ("The $100,000

18 proposed to be allocated to PAGA penalties represents approximately 3.3% of the maximum

19 PAGA liability, and courts in this circuit have regularly approved settlement amounts

20 constituting single digit percentages of the PAGA penalty.")"  (ECF 72). The damages analysis

21 and amount offered in settlement supporting that the settlement is reasonable is set forth in the

22 Von Rock Dec. at ¶¶ 31-41.

23 Accordingly, given the unanimous positive response from Settlement Class Members

24 and reasonable settlement terms, this Court should grant final approval.

25 //

26 //

27 //

28 //

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                                      Case No. 4:22-cv-03170-JST
Page 8

## IV. THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE AND APPROPRIATE

### A. The Attorneys' Fees Award Requested

The Settlement provides for attorneys' fees up to one-third of the gross settlement amount, which was identified in the Class Notice. *See,* Von Rock Dec., Ex. 1. Class Counsel believe the terms of the settlement warrant such an attorney fee request, but nevertheless, will abide by the Court's benchmark of 25% in the hope of expediting final approval, as the Settlement Class Members have been waiting a significant amount of time for payments as part of the settlement (Plaintiff's initial Motion for Preliminary Approval was filed in June 2024, ECF 60). *Id.* at ¶ 51.

### B. An Award of the Percentage of the Common Fund Is Appropriate

In a class action settlement, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement. *See,* Fed. R. Civ. P. 23(h). Courts have the power to award reasonable attorneys' fees and costs where, as here, a litigant proceeding in a representative capacity secures a "substantial benefit" for a class of persons. *See e.g., Hendricks v. Starkist Co*, No. 13-cv-00729-HSG, 2016 WL 5462423, *10 (N.D. Cal. Sept. 29, 2016); *Staton v. Boeing Co*., 327 F.3d 938, 967 (9th Cir. 2003).  The two methods for determining reasonable fees in the class action settlement context are the "percentage of recovery" method and the "lodestar method." *See, Parkinson v. Hyundai Motor Am*., 796 F.Supp.2d 1160, 1170 (C.D. Cal. 2010); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

When a district court exercises diversity jurisdiction over a case consisting of exclusively California claims, as here, California substantive law applies to the calculation of the attorneys' fee award. *See, Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478-1479 (9th Cir. 1995) (finding state law to be applicable in "in determining not only the right to fees, but also the method of calculating the fees."); *see also, Rodriguez v. Disner*, 688 F.3d 645, 653 fn. 6 (9th Cir. 2012) ("If … we were exercising our diversity jurisdiction, state law would control whether an attorney is entitled to fees and the method of calculating such fees");

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                                            Case No. 4:22-cv-03170-JST
Page 9

*Gonzalez v. Southern Wine & Spirits of Am., Inc.,* 555 Fed.Appx. 704, 704-705 (9th Cir. 2014) (finding district court abused its discretion in applying federal law instead of California substantive law to the calculation of attorneys' fees, holding that, because the court exercised diversity jurisdiction, California substantive law should have been applied).

The California Supreme Court endorsed the use of the percentage method of awarding attorneys' fees where a class action suit results in a common fund for the class, citing the method's relative ease of calculation, alignment of incentives between counsel and the class, a better approximation of market conditions in a contingency case, and the encouragement it provides counsel to seek an early settlement and avoid unnecessarily prolonging the litigation. *See, Laffitte v. Robert Half International, Inc*., 1 Cal.5th 480, 503 (2016) (approving attorneys' fee award in wage and hour case in the amount of one-third of gross settlement).

The majority of Ninth Circuit and other federal courts are in accord. *See, e.g., Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1047 (9th Cir. 2002); *Hanlon,* 150 F.3d at 1029. Where the case results in the creation of a common fund, courts within the Ninth Circuit generally prefer the percentage approach to other methods for awarding attorneys' fees, such as a lodestar calculation. *See*, Thomas E. Willing, Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules 4, 71 (1996) (noting that the Northern District of California has determined fees by percentage of recovery 6:1 over the lodestar approach); *see also, e.g., Vizcaino,* 290 F.3d at 1047 (approving the percentage method for determining fees in a common-fund case); *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (same); *Vasquez v. Coast Valley Roofing, Inc*., 266 F.R.D. 482, 491 (E.D. Cal. 2010) ("a percentage of the common fund [to assess fees] is particularly appropriate when each member of a certified class has an undisputed and mathematically ascertainable claim"). The percentage-of-the-fund method is appropriate where the amount of the settlement is fixed without any reversionary payment to the defendant – as it is here. *See, Thieriot v. Celtic Ins. Co*., No. C 10-04462 LB, 2011 U.S. Dist. LEXIS 44852, at *15 (N.D. Cal. Apr. 21, 2011) (Beeler, M.J.) (citing *Chu v. Wells Fargo Investments, LLC*, Nos. C 05-4526 MHP, C 06-7924 MHP, 2011 U.S. Dist. LEXIS 15821, 2011 WL 672645, at

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                                    Case No. 4:22-cv-03170-JST
Page 10

1  *4 (N.D. Cal. Feb. 16, 2011)).

2  "When the settlement involves a common fund, courts typically award attorney's fees

3  based on a percentage of the total settlement. The Ninth Circuit has established a 'benchmark'

4  that fees should equal 25% of the settlement, although courts diverge from the benchmark

5  based on a variety of factors, including 'the results obtained, risk undertaken by counsel,

6  complexity of the issues, length of the professional relationship, the market rate, and awards in

7  similar cases.'" *See, Bergman v. Thelen LLP*, No. 3:08-cv-05322-LB, 2016 U.S.Dist.LEXIS

8  170861, at *21 (N.D. Cal. Dec. 9, 2016) (Beeler, M.J.) (citing *Morales v. Stevco, Inc.*, 2013

9  U.S. Dist. LEXIS 41799, 2013 WL 1222058, *2 (E.D. Cal. Mar. 25, 2013); *Morris v. Lifescan,*

10 *Inc.*, 54 F.App'x 663, 664 (9th Cir. 2003) (affirming 33% fee award); *In re Pacific Enterprises*

11 *Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (same); *State of Florida v. Dunne*, 915 F.2d 542,

12 545 (9th Cir. 1990); *Six Mexican Workers*, 904 F.2d at 1311.

13 The advantages of using the percentage method have been described thoroughly by

14 several courts. *See, e.g., In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1374-77 (N.D. Cal.

15 1989) (collecting authority and describing the advantages of the percentage method over the

16 lodestar method). California law similarly allows for the Court to use a pure percentage of the

17 benefit approach or a percentage with a lodestar crosscheck. *See, Laffitte*, 1 Cal.5th at 506.

18 Accordingly, the Court should employ the percentage of recovery method in this case

19 and award Class Counsel their requested fee of 25% of the Gross Settlement Amount, which

20 totals $237,500. *See,* Von Rock Dec., ¶ 52.

21 C.  <u>Cross-Check of the Loadstar Supports the Attorneys' Fees Request</u>

22 Both federal and California courts have the discretion to employ (or decline to employ)

23 a "lodestar cross-check" on a request for a percentage of the fund fee award. However, both the

24 Ninth Circuit in *Vizcaino*, and the California Supreme Court in *Laffitte*, have made clear that

25 this cross-check is not required. While Plaintiffs submit that a cross-check is not necessary in

26 this case, even if the Court were to employ one, the cross-check supports the requested fees

27 here. Class Counsel's accompanying declaration provides a summary of the lodestar, time and

28 hourly rates, as well as descriptions of the nature of work performed. *See,* Von Rock Dec., ¶¶

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                          Case No. 4:22-cv-03170-JST
Page 11

53-64. "The lodestar cross-check calculation need entail neither mathematical precision nor bean counting. . . . [courts] may rely on summaries submitted by the attorneys and need not review actual billing records." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-307 (3d Cir. 2005) (footnote and citation omitted). Class Counsel's time entries are comprised of hundreds of line items and, thus, to assist the Court in its review, Class Counsel assigned categories to each time entry and have provided a summarized table. *See,* Von Rock Dec., ¶ 63.

Class Counsel have spent 478.4 hours litigating this Action, for a current lodestar of approximately $412,305, not including time spent on the work remaining to complete the Motion for Final Approval, attending the hearing, bringing the Settlement to a close, and work done through the end of claims administration. *Id.,* ¶¶ 51-64. Class Counsel's billing rates are within normal and customary ranges for timekeepers with similar qualifications and experience in the Bay Area and have been approved by other courts. Class Counsel's declaration provides extensive support for the reasonableness of their hourly rates. *Id.,* ¶¶ 57-60.

Accordingly, the requested fee award of $237,500, which is significantly less than Class Counsel's lodestar should be awarded. Given the Court's stated benchmark of a 25% fee, if the Court is inclined to perform a lodestar cross check, it will find that it supports the requested fee (as well as the one-third fee set forth in the class notice of $316,666.67, to which no class member objected).

### D. Class Counsel's Costs Should Be Approved

In addition to being entitled to reasonable attorneys' fees, federal and California wage and hour laws provide for the reimbursement of costs. *See, e.g.,* 29 U.S.C. § 216(b); Cal. Lab. Code § 1194; Fed. R. Civ. P. 23(h); *see also, Harris v. Marhoefer*, 245 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in on-contingency matters); *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995) (approving reasonable costs in class action settlement); *Cunha v. Hansen Nat. Corp.,* No. 08-1249-GW(JCx), 2015 WL 12697627, at *5 (C.D. Cal. Jan. 29, 2015) ("[A] private plaintiff, or [its] attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                                    **Case No. 4:22-cv-03170-JST**
Page 12

costs of [its] litigation . . . .").  PAGA also provides that "[a]ny employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs." *See,* Labor Code § 2699(g)(1).

Here, Class Counsel's current out-of-pocket litigation costs total $17,828.76. *See,* Von Rock Dec. ¶ 66, Ex. 4 (Costs Detail). These costs are reasonable in amount and are of the type typically charged to a fee-paying client. *Id*. Under the "common fund doctrine," "attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *Cunha*, 2015 WL 12697627, *5.

The expenses incurred in this litigation to date are described in the accompanying class counsel declaration. *See,* Von Rock Dec., ¶ 66. These expenses are of the type typically billed by attorneys to paying clients in the marketplace and include such costs as court costs, filing fees, mediation fees, deposition fees, copying and printing costs, document retrieval costs, and research specific to this case. *Id., Ex. 4.* These costs are routinely found to be reasonable and awarded reimbursement by courts in the Ninth Circuit. *See, e.g., In re Immune Response Securities Litig.*, 497 F.Supp.2d 1166, 1177 (S.D. Cal. 2007) (awarding reimbursement for expenses for meals, hotels, and transportation; photocopies; telephone; filing fees; messenger and overnight delivery; online legal research; and mediation fees, which it found to be "reasonable and necessary").

All these expenses were reasonable and necessary for the successful prosecution of the Action. Class Counsel, therefore, requests reimbursement of costs in the amount of $17,828.76, which is less than the costs set forth in the Notice of $20,000.

E.   The Court Should Approve the Service Awards

Class representatives are eligible for reasonable incentive payments. *See, Staton,* 327 F.3d at 977; *Hightower v. JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx)) 2015 U.S.Dist.LEXIS 174314, at *37 (C.D.Cal. Aug. 4, 2015) (Awarding service awards to named plaintiffs as well as absent class members that were deposed and/or provided declarations). The purpose of such awards is compensating these persons "for work done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing the action…" *Rodriguez*

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                   **Case No. 4:22-cv-03170-JST**
Page 13

1    *v. West Pul'g Corp*., 563 F.3d 948, 958-59 (9th Cir. 2009).  Here, the requested service awards

2    of $10,000 for each of the two Representative Plaintiffs are intended to compensate them for

3    the critical roles they played in this litigation, and the time, effort, and risks undertaken in

4    helping secure the result obtained on behalf of the Class Members.  *See,* Von Rock Dec., ¶ 67.

5        The amounts of these service awards are fair when compared to the payments approved

6    in similar cases by this district and others in California. *See, e.g. Thieriot,* 2011 U.S. Dist.

7    LEXIS 44852, at *22 (Beeler, M.J.) (granting service award of $25,000 in almost 400 member

8    class); *Tsyn*, No. 3:14-cv-02552-LB, ECF 172 (N.D. Cal. Nov. 1, 2018) (Beeler, M.J.)

9    (granting services awards of $10,000 and $15,000); *Harris v. Vector Mktg. Corp*., No. 08-cv-

10   5198-EMC, 2012 WL 381202, at *7–8 (N.D. Cal. Feb. 6, 2012) (awarding $12,500 to named

11   plaintiff); *Dyer*, 303 F.R.D. at 335–36 (awarding $10,000 where the plaintiff was deposed and

12   spent time assisting in the case); *Bellinghausen*., 306 F.R.D. at 267–68 (awarding $15,000 to

13   class plaintiff); *Bolton v. U.S. Nursing Corp*., No. 12-cv-4466-LB, 2013 WL 5700403, at *6

14   (N.D. Cal. Oct. 18, 2013) (approving $10,000 as an incentive award where the average

15   recovery was $595.91).

16       In evaluating the appropriateness of service awards, courts may consider "relevant

17   factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the

18   degree to which the class has benefitted from those actions….the amount of time and effort the

19   plaintiff expended in pursuing the litigation… and reasonabl[e] fear[s of] workplace

20   retaliation." *Staton*, 327 F.3d at 977 (citation omitted).

21       Here, the Named Plaintiffs request service awards to compensate them for the critical

22   role they played in this litigation and the time, effort, and risks they undertook in helping

23   secure the result obtained on behalf of the 10,548 Settlement Class Members. *See,* Von Rock

24   Dec. ¶¶ 67-68; Declaration of Serena Naro ("Naro Dec.") ¶¶ 2-13; Declaration of Trish

25   Gonzales ("Gonzales Dec.") ¶¶ 2-13. Plaintiffs' participation was invaluable in the litigation,

26   discovery, and settlement process. Both Plaintiffs took time off work and traveled to the Bay

27   Area, having to stay overnight, to have their depositions taken. *Id*. Each spent considerable

28   time providing information to counsel, assisting in the drafting of pleadings and other

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                    **Case No. 4:22-cv-03170-JST**
Page 14

1   documents, responding to interrogatories and document requests, reviewing bank statements,

2   searching for and providing all the scrubs purchased, preparing for and being deposed,

3   providing declarations for final approval, and regularly discussing the facts and proceedings

4   with Class Counsel. *Id*. They have been active participants in this litigation from the outset. *Id*.

5   Each has spent considerable time assisting in the prosecution of the claims – including an

6   estimated 45 hours by Plaintiff Naro, and 40 hours by Plaintiff Gonzales. *See*, Naro Dec. ¶ 11;

7   Gonzales Dec. ¶ 6. Throughout the long process of preliminary and final approval, both

8   Plaintiffs have consistently checked in about the proceedings. *See*, Von Rock Dec. ¶ 68.

9           The requested service awards are also reasonable in light of the significant reputational

10   risks Plaintiffs took by publicly affiliating themselves with litigation against their employer.

11   Notwithstanding these risks, Plaintiffs have remained an active part of the litigation and saw it

12   through to its outcome, while also agreeing to a broader release of all claims than the Class.

13   *See*, Von Rock Dec. ¶ 70. This substantial sacrifice supports the service awards sought here.

14   *See, Schaffer v. Litton Loan Servicing, LP*, No. CV 05-07673 MMM (JCx), 2012 WL

15   10274679, at *18 (C.D. Cal. Nov. 13, 2012); *Millan v. Cascade Water Services, Inc.*, No. 1:12-

16   cv-01821-AWI-EPG, 2016 WL 3077710, at *12 (E.D. Cal. June 2, 2016) (reasoning that

17   service awards "are particularly appropriate in wage-and-hour actions where plaintiffs

18   undertake a significant 'reputational risk' by bringing suit against their present or former

19   employers.").

20           In addition, in evaluating proposed service awards, courts compare the overall

21   settlement benefits and the range of recovery available to the class members to the

22   representative plaintiff's proposed service awards. Here, the $20,000 aggregate amount of the

23   proposed service awards is quite modest in comparison to the overall benefits of the settlement

24   and recovery to the class. *See*, Von Rock Dec. ¶¶ 71-72. Plaintiffs also forwent the possibility

25   of obtaining more significant individual relief with less risk and in less time had they brought

26   individual cases instead of a class action. The modest amount of these requested service

27   awards in relation to the benefit conferred on the absent Class Members weighs in favor of

28   their appropriateness. The Notices advised of the service awards, and no Class Members

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                      Case No. 4:22-cv-03170-JST
Page 15

objected. Therefore, the proposed service awards should be finally approved.

    F.  <u>The Court Should Approve the Settlement Administration Costs</u>

    Pursuant to the terms of the Settlement, the Claims Administrator is to be reimbursed for its costs, to be paid out of the Settlement Amount. The Claims Administrator seeks reimbursement of costs from this Settlement in the amount of $37,200.00, the same amount stated in the Notice. The requested costs are reasonable; the Settlement Administrator performed all the tasks required by the Settlement and mailed the Notice Packet to a Class consisting of 10,550 persons, along with updating and resending Notices as applicable, maintaining the settlement website, providing weekly status reports to counsel, and will continue to provide services through the end of settlement distribution. The work done by the Claims Administrator is detailed in the Declaration of Bryn Bridley, filed concurrently herewith. Accordingly, Class Counsel respectfully requests the Court approve the Settlement Administration Costs in the amount of $37,200.00. *See*, Von Rock Dec. ¶ 73.

    G.  <u>The Court Should Approve the *Cy Près* Distribution</u>

    The Court should also finally approve that any funds remaining in the Net Settlement Fund after the 180 day void date for checks be distributed *cy près* to Legal Aid at Work, which is a nonprofit organization that provides legal services assisting low-income, working families and promotes better understanding of the conditions, policies, and institutions that affect the well-being of workers and their families and communities. *See,* Von Rock Dec., ¶ 74, Ex. 5.

**V. CONCLUSION**

    For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion.

October 29, 2025



/s/ Hallie Von Rock

_____

Hallie Von Rock, Esq.
Attorneys for Plaintiffs

**Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs**
*Naro, et al. v. Walgreen Co., et al.*                                              Case No. 4:22-cv-03170-JST
Page 16

## PROOF OF SERVICE

I, the undersigned, hereby declare:  I am employed in the County of Alameda, California; I am over eighteen years of age and not a party to the within action.  I am either admitted to practice before this Court or employed in the office of an attorney admitted to practice in this Court.  My business address is 7677 Oakport, Suite 1000, Oakland, California 94621.

On this date, I served the following:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PRIVATE ATTORNEY'S GENERAL ACT SETTLEMENT, ATTORNEYS' FEES AND COSTS. CLASS REPRESENTATIVE INCENTIVE AWARDS, AND SETTLEMENT CLAIMS ADMINISTRATION COSTS;**

**DECLARATION OF HALLIE VON ROCK IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION AND PRIVATE ATTORNEY'S GENERAL ACT SETTLEMENT, ATTORNEYS' FEES AND COSTS. CLASS REPRESENTATIVE INCENTIVE AWARDS, AND SETTLEMENT CLAIMS ADMINISTRATION COSTS;**

**DECLARATION OF SERENA NARO SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT;**

**DECLARATION OF TRISH GONZALES SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT;**

**DECLARATION OF BRYN BRIDLEY ON NOTICE AND SETTLEMENT ADMINISTRATION; AND**

**[PROPOSED] ORDER**

by sending a true copy thereof, addressed as follows:

| | |
|---|---|
| Christopher J. Archibald<br>Amelia Alvarez<br>Angelina Andrade<br>Theresa Macaulay<br>BRYAN CAVE LEIGHTON<br>  PAISNER LLP<br>1920 Main Street, Suite 1000<br>Irvine California 92614-7276<br>Telephone: (949) 223-7000<br>Facsimile: (949) 223-7100<br>christopher.archibald@bclplaw.com<br>amelia.alvarez@bclplaw.com<br>angelina.andrade@bclplaw.com<br>theresa.macaulay@bclplaw.com | Attorneys for Defendants WALGREEN CO., and WALGREEN PHARMACY SERVICES MIDWEST, LLC |

__X__   [By Electronic Transmission]   I hereby certify that on this date, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the Federal laws of the State of California that the foregoing is true and correct.

Dated: October 29, 2025                              _/s/ Hallie Von Rock_

                                                     Hallie Von Rock