**AIMAN-SMITH & MARCY**
A PROFESSIONAL CORPORATION

Randall B. Aiman-Smith #124599
Reed W.L. Marcy #191531
Hallie Von Rock #233152
Lisseth Bayona #338135
7677 Oakport St. Suite 1000
Oakland, CA 94621
T 510.760.7005
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
lb@asmlawyers.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA NARO, individually and on behalf of all others similarly situated; TRISH GONZALES, individually and on behalf of all others similarly situated; AND THE CALIFORNIA LABOR AND WORKFORCE DEVELOPMENT AGENCY *ex rel.* SERENA NARO AND TRISH GONAZALES, a California governmental entity,<br><br>        Plaintiff,<br><br>    v.<br><br>WALGREEN CO., an Illinois corporation; and WALGREEN PHARMACY SERVICES MIDWEST, LLC, an Illinois corporation; and DOES 1-15,<br><br>        Defendants. | Case No.: 4:22-cv-03170-JST<br><br>Assigned for All Purposes to:<br>Hon. Jon S. Tigar<br>Courtroom 6<br><br>**[PROPOSED] ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PRIVATE ATTORNEY'S GENERAL ACT SETTLEMENT, ATTORNEYS' FEES AND COSTS. CLASS REPRESENTATIVE INCENTIVE AWARDS, AND SETTLEMENT CLAIMS ADMINISTRATION COSTS **AS MODIFIED****<br><br>Date: January 8, 2026<br>Time: 2:00 PM<br>Courtroom 6, via Zoom<br><br>Complaint Filed: May 31, 2022 |

Plaintiffs Serena Naro and Trish Gonzales, on behalf of themselves and all others similarly situated ("Plaintiffs"), have filed a Motion for Final Approval of Class Action and Private Attorney's General Act Settlement, Attorneys' Fees and Costs, Class Representative Incentive Awards, and Settlement Claims Administration Costs. The Court, having reviewed the motion, the Amended Settlement Agreement ("Settlement Agreement"), the pleadings and other papers on file in this Action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement Agreement, including all members of the Settlement Class and Aggrieved Employees.

2. For the purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. Pursuant to Rule 23 (e)(2) of the Federal Rules of Civil Procedure, after a hearing, the Court hereby finally approves and confirms the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class within the meaning of Rule 23 and directs its consummation according to its terms. Specifically:

    a. The class representatives and counsel have vigorously represented the interests of the Settlement Class and Aggrieved Employees;

    b. The Settlement was negotiated by arm's-length, informed, and non-collusive negotiations between counsel for Plaintiffs and Defendants; and

    c. The relief provided for the Settlement Class is adequate, considering: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness and straightforwardness of the proposed claims distribution and process of direct mailing of checks without reversion; and (iii) the reasonableness of the request for an award of attorneys' fees and reimbursement of litigation expenses.

[Proposed] Order and Judgment Granting Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs
*Naro, et al. v. Walgreen Co., et al.*                                                                 Case No. 4:22-cv-03170-JST
Page 1

4.    The Plan of Distribution set forth in the Settlement Agreement is, in all respects, fair, adequate, and reasonable.  Accordingly, the Court hereby grants final approval of the Plan of Distribution.

5.    The Court does hereby find for purposes of judgment on the Settlement Agreement only that the Settlement Class defined in the Settlement Agreement satisfies the requirements for class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3).

6.    The Court hereby confirms the appointment of Aiman-Smith & Marcy as Settlement Class Counsel pursuant to Rule 23(g), and finds that Settlement Class Counsel have protected and will continue to fairly and adequately protect the interests of the Settlement Class.

7.    The notice given to the Settlement Class Members set forth in the Settlement Agreement was the best notice practicable under the circumstances.  Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the Settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and all applicable state laws.

8.    Notice of Class Counsel's request for an award of attorney's fees, litigation expenses, and representative incentive awards was provided in the Notice disbursed to Class Members. Plaintiffs' Motion for Attorneys' Fees and Costs, Class Representative Incentive Awards, and Settlement Claims Administration Costs was published on the settlement website.

9.    Class Counsel is entitled to reasonable attorney's fees, which the Court finds to be 25% of the Gross Settlement Amount, which is $237,500, and expenses in the amount of $17,828.76. This amount is justified under the common fund doctrine, the excellent results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel's representation of Plaintiffs and the Class, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck. Additionally, the litigation expenses were

[Proposed] Order and Judgment Granting Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs
*Naro, et al. v. Walgreen Co., et al.*                              Case No. 4:22-cv-03170-JST
Page 2

reasonable and necessary for the litigation.

10. The Representative Plaintiffs in this Action initiated this lawsuit, acted to protect the Class, and assisted their counsel. Their efforts have produced the Settlement, entered into in good faith, which provides a fair, reasonable, adequate and certain result for the Settlement Class.  Representative Plaintiffs Serena Naro and Trish Gonzalez are each entitled to an incentive award of $10,000, for total incentive awards in the amount of $20,000.

11. Claims administrator Atticus Administration is entitled to $37,200 for settlement administration costs.

12. If there is a *cy pres* distribution, Legal Aid at Work is ordered to be the *cy pres* recipient.

13. Class Counsel shall file a post-distribution accounting within 21 days after all funds have been paid under the settlement agreement and any checks that were issued have become stale.  In addition to the information contained in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/rules-forms-fees/northern-district-guidelines/procedural-guidance-class-action-settlements, the post-distribution accounting shall discuss any significant or recurring concerns communicated by class members to the settlement administrator or counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

14. The Court will withhold 10% of the attorney's fees granted in this order until the post-distribution accounting has been filed.  Class Counsel shall file a proposed order releasing the remainder of the fees when they file their post-distribution accounting.

15. This matter is set for a further case management conference on June 16, 2026, with a case management statement due on June 9, 2026.  The parties may request that the case management conference be continued if additional time is needed to complete the distribution. The conference will be vacated if the post-distribution accounting has been filed and the Court has released the remaining attorney's fees.

16. Good cause appearing, the Court hereby approves the following implementation

[Proposed] Order and Judgment Granting Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs
*Naro, et al. v. Walgreen Co., et al.*                                                                                          Case No. 4:22-cv-03170-JST
Page 3

schedule:

| | |
|---|---|
| Effective Date | The entry of a Judgment finally approving this Settlement, provided no objection is made to this Settlement prior to or at the hearing for approval of this Settlement, or if any objection is made, but is resolved formally and withdrawn prior to the final approval hearing of this Settlement. |
| Deadline for Defendants to pay the Administrator all amounts awarded and approved by the Court ("Payment Date") | Within fifteen (15) business days following the Effective Date. |
| Deadline for Administrator to make all payments due under the Settlement | Within ten (10) business days of the Payment Date |
| Check-cashing deadline | 180 days after issuance |
| Deadline for Administrator to make distribution of uncashed check funds to *cy pres* | As soon as practicable after check-cashing deadline |
| Deadline for Plaintiffs to file a Post-Distribution Accounting | Within 21 days after the distribution of any remaining monies to the *cy pres* recipient |

17. The Court hereby dismisses with prejudice the Action, and the Released Parties are hereby released from all further liability for the Released Claims.

18. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

19. The Court finding that no reason exists for delay in ordering final judgment

[Proposed] Order and Judgment Granting Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs
*Naro, et al. v. Walgreen Co., et al.*                                                                                      Case No. 4:22-cv-03170-JST
Page 4

pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

**IT IS SO ORDERED.**

Dated:  January 8, 2026

_____
JON S. TIGAR
United States District Court Judge

[~~Proposed~~] Order and Judgment Granting Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs
*Naro, et al. v. Walgreen Co., et al.*                                                                                Case No. 4:22-cv-03170-JST
Page 5